**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DEALTO WHITE,

      *Plaintiff,*

v.

DYLAN JAY NEIL,
COLONEL JOSEPH CASPER,
MICHIGAN STATE POLICE,

      *Defendants.*

                                             /

CASE NO. 1:22-cv-12941
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION**

## I.   RECOMMENDATION

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

## II.   REPORT

### A.   BACKGROUND

DeAlto White ("White") filed this pro se § 1983 action alleging that the Defendants violated his civil rights under various constitutional provisions. Although lacking in detail, White's complaint provides the following facts.

In May 2018, Michigan State Trooper Dylan Neil ("Neil") pulled over White and "[his] passenger." (ECF No. 1, PageID.5). Neil did not arrest White during this encounter, but about two years later, Neil "had [White] arrested" for allegedly "trafficking

1

a minor" during the May 2018 traffic stop. (*Id.*) White also alleges that Neil "lied to . . . Child Protective Services" ("CPS") by stating that White "was possibly having sex with [his] own child and allowing his minor-child to have sex with adult women." (*Id.*) CPS later conducted a "psychologically damaging" interview with White's daughter, and ever since White's arrest, his daughter's mother has not allowed White to see his child. (*Id.* at PageID.6).

White was "incarcerated" for six months after his arrest. (*Id.* at PageID.5). Following his release, White told Joseph Casper, the Colonel of the Michigan State Police, of Neil's "heinous crimes," but Colonel Casper "turned a blind-eye" to White's complaints. (*Id.*) White later filed this complaint, seeking exclusively monetary damages. (*Id.*)

### B. LEGAL STANDARD

Because White proceeds *in forma pauperis*, he subjects his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims

that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C. **ANALYSIS**

White brings this action under 42 U.S.C. § 1983, alleging that the Defendants violated his rights under the Fourth, Eighth, and Fourteenth, and "other" Amendments to the U.S. Constitution. (ECF No. 1, PageID.4). Specifically, he accuses the Defendants of "racial profiling, illegal detainment, false arrest, false felony, [and] harassment . . . ." (*Id.*) Liberally construed, I suggest that White brings no more than six claims against the Defendants: an Eighth Amendment claim for cruel and unusual punishment, an equal protection claim under the Fourteenth Amendment concerning Neil's racial profiling, a Fourth Amendment false arrest claim, a Fourth Amendment malicious prosecution claim,

3

and substantive due process and common law defamation claims concerning Neil's statements to CPS. *See Haines*, 404 U.S. at 520.

First, I suggest that the Court lacks jurisdiction over White's claims against the Michigan State Police under the Eleventh Amendment. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that sovereign immunity is a jurisdictional issue). The Eleventh Amendment to the United States Constitution provides that no citizen of the United States shall commence a suit against any state. U.S. Const. amend. XI.; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). And because the Michigan State Police is an arm of the state of Michigan, White's claims against the State Police are effectively claims against the state. *Perez v. Michigan State Police Dept.*, No. 1:19-cv-666, 2019 WL 4184063, at *2 (W.D. Mich. Sept. 4, 2019). Moreover, White requests only monetary damages; thus, no exception to sovereign immunity applies. *See Ex parte Young*, 209 U.S. 123, 148 (1908) (holding that under the Eleventh Amendment, suits against states are limited to injunctive relief from unconstitutional conduct); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("It is well established that § 1983 does not abrogate the Eleventh Amendment . . . and that Michigan has not consented to the filing of civil rights suits against it in federal court.").

I suggest that White fails to state a plausible Eighth Amendment claim. The Eighth Amendment prohibits the government from imposing "cruel and unusual punishment[s]." U.S. Const. amend. VIII. It scrutinizes "the treatment a prisoner receives in prison and the conditions under which he is confined." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

4

(quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). However, because White does not plead any facts describing the conditions of his detainment, I suggest that he fails to plausibly allege an Eighth Amendment claim.[1] (ECF No. 1, PageID.5).

Similarly, White pleads no facts that could establish a Fourth Amendment false arrest claim. To establish a false arrest claim, a plaintiff must allege that the "arresting officer lacked probable cause to" effectuate the arrest. *Hart v. Hillsdale Cnty.*, 973 F.3d 627, 635 (6th Cir. 2020) (quoting *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010)). Probable cause exists where "the facts and circumstances known to the officer warrant a prudent man in believing that an offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959). However, White fails to allege any facts concerning the circumstances of his arrest. (ECF No. 1, PageID.5). Indeed, White simply states that Officer Neil "had [him] arrested" for a crime that he did not actually commit. (*Id.*) But an officer can have probable cause to effectuate an arrest even if the arrested individual is innocent, so long as the arresting officer had a reasonable, albeit mistaken, belief that the individual committed an offense. *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *3 (6th Cir. Mar. 29, 2022). So without discussing the facts known to Officer Neil,

---

[1] The Fourteenth Amendment, rather than the Eighth Amendment, applies to claims brought to pretrial detainees. *Wallace v. Coffee Cnty.*, 852 F. App'x 871, 872 n.1 (6th Cir. 2021) (citing *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). But although White does not clearly state whether he was a pretrial detainee, a convicted prisoner, or both, he must plead facts concerning the conditions of his confinement to state a plausible claim for relief under either Amendment. *Wallace*, 852 F. App'x at 872 n.1 (citing *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016)); *see Greene v. Crawford Cnty.*, 22 F.4th 593, 606–07 (6th Cir. 2022).

5

White cannot plausibly allege that Officer Neil arrested him without probable cause. Accordingly, I suggest that White fails to state a plausible False Arrest claim under the Fourth Amendment.[2]

And because White does not plead any facts from which the Court can assess probable cause, I suggest that he also fails to establish a malicious prosecution claim under the Fourth Amendment. A § 1983 malicious prosecution claim consists of four elements: "(1) the defendant 'made, influenced, or participated in the decision to prosecute'; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021). But apart from conclusory allegations, the complaint contains no facts from which the Court can analyze probable cause. (ECF No. 1, PageID.5).

As for White's allegation that Neil "lied" to CPS by claiming that White "was possibly having sex with [his] own child and allowing [his] minor-child to have sex with adult women," this assertion might support either a substantive due process claim or a defamation claim. *See Davis v. Kendrick*, No. 14-12664, 2015 WL 6470877, at *5 (E.D. Mich. Oct. 27, 2015). But no matter which legal theory White relies on, this conclusory

---

[2] For the same reasons, DeAlto fails to state a plausible common law false arrest claim. As with his Fourth Amendment claim, a claim under Michigan law would require DeAlto to plausibly allege that Neil arrested him without probable cause. *Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 18, (2003) ("To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause"); *see also Tope v. Howe*, 179 Mich. App. 91, 105 (1989) (probable cause is an element of a false arrest claim).

assertion is inadequate under Rule 8. *Cf. Yopp v. DEA*, No. 10-10118, 2010 WL 3272845, at *6 (E.D. Mich. Aug. 19, 2010) (describing an allegation that a defendant made "false statements" as a "legal conclusion"); *see also Abbas v. Bank of America N.A.*, No. 1:12-CV-607, 2013 WL 1340309, at *6 (W.D. Mich. Mar. 29, 2013) (same). Merely asserting that Neil "lied," without more detail, is nothing more than a "legal conclusion couched as a factual allegation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–81, 686–87 (2009) (explaining that even allegations concerning the conditions of an individual's mind must be plausible); *AAA Wholesalers Distribution, LLC v. Tropical Cheese Indus., Inc.*, No. 18-542WES, 2019 WL 4168857, at *4 (D.R.I. Sept. 3, 2019).

Last, I suggest that White fails to plausibly allege that the Defendants violated his rights under the Equal Protection Clause. The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). To succeed on an equal protection claim, a plaintiff must first show that he or she was intentionally discriminated against by a government official. *Id.*; *Arsan v. Keller*, 784 F. App'x 900, 912 (6th Cir. 2019) ("[O]nly intentional, purposeful discrimination violates the equal protection clause . . . ."). But even where a plaintiff establishes discrimination, a discriminatory government action will still be upheld if, depending on the classification

at issue, it is adequately tailored to a sufficiently important government interest. *See Scarbrough*, 470 F.3d at 260–61.

For purposes of establishing discrimination under § 1983, a plaintiff "must prove the same elements required to establish a disparate treatment claim under Title VII . . . ." *James v. Hampton*, 592 F. App'x 449, 459–60 (6th Cir. 2015) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). This means that at the pleading stage, a plaintiff need only "allege sufficient 'factual content' from which [a] court could 'draw the reasonable inference' of . . . discrimination." *Id.* (quoting *Iqbal*, 556 U.S. at 678); *see also Davis v. Prison Health Servs.*, 679 F.3d 433, 439–40 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002)). The complaint must "giv[e] rise to reasonably founded hope that the discovery process will reveal relevant evidence to support [the plaintiff's] claims." *Lindsay v. Yates*, 498 F.3d 434, 440 n.6 (6th Cir. 2007) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 559–60).

White alleges no facts which, taken as true, could allow the Court to reasonably infer discrimination. He summarily alleges that he was the victim of racial profiling without alleging any facts to support this conclusory allegation. (ECF No. 1, PageID.4). Indeed, he neither identifies his own race nor provides any information that would allow the Court to reasonably infer that his race motivated either the traffic stop in 2018 or the arrest in 2019. *See Twombly*, 550 U.S. at 557; *cf. Sam Han v. U. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (holding that a court could not "infer that the [defendant's] decision-making regarding [p]laintiff's employment was discriminatory simply based on

8

the fact that he [was] a man, or that he [was] Asian-American, or both"); *Hatcher v. Hegira Programs, Inc.*, No. 19-cv-11720, 2020 WL 1083719, at *4–5 (E.D. Mich. Mar. 6, 2020). Accordingly, the Court should dismiss this claim against Neil.

## III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's claims against Neil and Casper **WITHOUT PREJUDICE**. I further recommend that the Court **DISMISS** Plaintiff's claims against the Michigan State Police **WITH PREJUDICE**. *See Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 15, 2022                                       S/ PATRICIA T. MORRIS
                                                                       Patricia T. Morris
                                                                       United States Magistrate Judge